lieu of granting leave to appeal, we reverse in part the judgment of the Court of Appeals, and we remand this case to the Ingham Circuit Court for further proceedings in light of the *Odom* decision. We agree with the Court of Appeals that the plaintiffs failed to state a claim for intentional infliction of emotional distress, but do not agree that the plaintiffs failed to state claims for the remaining intentional torts. The Court of Appeals erred in concluding that the burden of proof with regard to the qualified governmental immunity applicable to the defendants Hughes and Ciloski under *Ross v Consumers Power (On Rehearing)*, 420 Mich 567 (1984), lay with the plaintiffs, rather than with the defendants. See *Odom, supra.* Reported below: 278 Mich App 665.

PEOPLE V WEBBER, No. 137144. Pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we remand this case to the Isabella Circuit Court. At sentencing, the defendant requested a number of corrections to the presentence investigation report, and the court indicated that several of the changes would be made. The copy of the report in the record does not reflect those changes. On remand, the circuit court shall assure that a corrected copy of the report is prepared and transmitted to the Department of Corrections pursuant to MCR 6.425. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court. We do not retain jurisdiction. Court of Appeals No. 276350.

PEOPLE V HERNANDEZ, No. 137563. Pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we vacate the sentence of the Saginaw Circuit Court, and we remand this case to the trial court for resentencing. Under MCL 769.1(3), the trial court must conduct a hearing at a juvenile's sentencing to determine whether to impose a sentence that commits the juvenile to an institution or agency described in the Youth Rehabilitation Services Act, 1974 PA 150, MCL 803.301 *et seq.*, or to impose an adult sentence. If the prosecutor and the defendant agree, the sentencing court may waive the hearing requirements of MCL 769.1(3). If the hearing is waived, the court may place the juvenile on probation and commit the juvenile to an institution or agency described in the Youth Rehabilitation Services Act, but the court is barred from imposing any other sentence provided by law for an adult offender. MCL 769.1(4). Here, the hearing required by MCL 769.1(3) was waived, but an adult sentence was imposed, contrary to the provisions of MCL 769.1(4). We do not retain jurisdiction. Court of Appeals No. 287028.

PEOPLE V GEORGE, No. 137708. Pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we remand this case to the Court of Appeals for consideration as on leave granted. Court of Appeals No. 288032.

KELLY, C.J., and CAVANAGH and HATHAWAY, JJ. We would deny leave to appeal.

*Leave to Appeal Denied April 1, 2009:*

PEOPLE V WENMAN, No. 136525; Court of Appeals No. 269838.